**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID GEORGE THOMAS; MICHELLE THOMAS; SHALDON WAIDE THOMAS; TYNEAL MICHELLE THOMAS, | No. 08-70213 |
| Petitioners, | Agency Nos. A075-597-033 <br> A075-597-034 <br> A075-597-035 <br> A075-597-036 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 9, 2013
Pasadena, California

Before: KOZINSKI, Chief Judge, McKEOWN and M. SMITH, Circuit Judges.

Michelle and David Thomas and their two children petition for review of the

Board of Immigration Appeals's ("BIA") final order dismissing their appeal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

requesting asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's determination that the Thomases did not meet their burden of establishing that they were harmed by persons the government was unwilling or unable to control. The police responded to Michelle Thomas's reports of the vandalism of her car and the incident involving her daughter by patrolling the area and, for the vandalism incident, taking fingerprints. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (noting that local police response "may provide powerful evidence with respect to the government's willingness or ability to protect" applicants); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (holding that the evidence did not compel a finding that acts were committed by forces the government was unwilling or unable to control where the police took reports documenting the petitioner's complaints but were ultimately unable to solve the crimes). In addition, Michelle Thomas "acknowledged that [South Africa] does arrest criminals, that trials are conducted, . . . that convicted persons are put in prison," and "that there is a full judicial system operating in South Africa." Because the Thomases did not meet their burden on this requirement, they did not establish past persecution. *Navas v. INS*, 217 F.3d 646, 655-56 (9th Cir. 2000).

2

Even if the Thomases had established past persecution, substantial evidence supports the BIA's determination that the government rebutted any presumption of a well-founded fear of future persecution by showing a "fundamental change in circumstances" based on Boss Ronnie's retirement. 8 C.F.R. § 1208.13(b)(1)(i)-(ii).

**PETITION DENIED.**